BREAUX, C. J.
This was a suit instituted on a bond to recover the balance of the value of a note of $17,000 and interest, executed by Powell Bros. & Sanders.
The business of this firm was placed in the hands of Thomas C. Wingate, receiver, by the district court of the parish of Vernon.
Subsequently the receiver asked the court to issue an order to advertise and sell the property of that firm to pay its debts.
This application to sell the property was opposed by the company, and at its instance the attorney of the receiver met the attorneys of the company, for the purpose of examining into the business of the concern and to arrive at an agreement, if possible, in regard to the debts, that would obviate the sale of the property.
After having examined into the financial condition of the company, the attorney for the receiver, and one of the local attorneys, whose name is not of record in this suit, who was at the time attorney for the firm and for the Guaranty Company, by which guaranty subsequently a bond for $25,000 was furnished to secure the payment by the firm in question, joined in petitioning to procure this bond, given to secure the creditors and to enable the firm of Powell Bros. & Sanders to take possession of the property and resume operations.
After having considered the petition before referred to, signed as just mentioned, the court assented to the proposition that the property be not sold in accordance with the wish of creditors, and, in addition, discharged the receivers, conditionally, however, upon the firm complying with the court’s judgment within the time stated in the judgment,. and restored the property to the firm of Powell Bros. & Sanders on a bond of $25,-000, referred to above, furnished by the firm and the United States Guaranty Company, as surety, payable to the judge of the district court in and for Vernon parish, for the use and benefit of the creditors of Powell Bros. & Sanders Company, Limited.
The court stated in the judgment rendered, restoring the property, that the bond filed by Powell Bros. & Sanders Company, Limited, to secure the debts, was ample security, and hence the order issued discharging the receiver.
Over six months having elapsed from the date that the court had restored the property, and the debtor firm having failed to pay its indebtedness, several creditors petitioned the court to take possession of the property and reinstate the discharged receiver.
On this petition the discharged receiver was reappointed and commissioned as receiver, and after qualification he was directed to take possession of all the property of the firm.
The property is now in the hands of the receiver.
The suit was brought by plaintiff against defendant in the district court of the parish of Orleans, and not at the domicile of the company.
Plaintiff’s suit was met by exception and answer. •
We do not set out the exception and grounds of defense to the answer, as they' will be stated substantially in the discussion which follows. Those stated are sufficient for the decision, which does not extend to the merits.
The exception and the answer were tried together. Evidence was heard. The court dismissed the case as in ease of nonsuit, without prejudice to plaintiff’s right to sue on the bond in question in the district court *647 of Vernon parish, having jurisdiction of the insolvency proceedings.
The issues before us are, in the first place, ■whether the district court for the parish of Orleans had jurisdiction, ratione materias; in the second place, whether the plaintiff must establish his claim contradictorily with the firm of Powell Bros. & Sanders before suing the Guaranty Company; and whether there is no right in any creditor to sue until the formal assignment of the bond.
The defendant generally controverts plaintiff’s claim.
Recurring to the first proposition for discussion and decision; that is, whether the court of first instance had jurisdiction: This is an important issue as relates to proceedings in the present case.
We have noted that all the steps taken in the matter of this litigation were before the district court of the parish of Vernon, and in that court the litigation should continue to final settlement.
The $25,000 bond is not sufficient in amount to pay the creditors. A prorating, we infer, will be necessary.
There was an agreement between creditors and their' debtors, including, plaintiff. In accordance with the spirit of the agreement, the court discharged the receiver conditionally, and ordered that the property be returned to the plaintiff.
Complying with the order of the court, the debtors furnished .a bond to secure the creditors, made in favor of the court for the benefit of the creditors.
To settle among the creditors, they should be made parties.
The court of the domicile where the proceedings are pending and where the bond was accepted for the benefit of all the creditors is the court of original jurisdiction. That court was made the common agent.
The court of another jurisdiction has no right to render judgment for the “whole or part of the bond, to the entire exclusion of all other creditors in whose interest the bond was furnished.
There should be but one proceeding, in which all persons in interest should be made parties and their rights determined contradictorily one with the other, particularly for the reason that the amount will not pay all the debts of the corporation.
The court, in insolvent proceedings, in the absence of expressed law, has the right to see that the funds are distributed according to equity.
That equity can he exercised in the court of the domicile, in which the proceedings were originally instituted.
The position of plaintiff is that the principal and the surety are hound in solido, that surety has two domiciles in this state, and that, being bound as just stated, it can be sued at either domicile.
.This is ordinarily true.
But it is also true that persons, except in certain expressly excepted cases, must be sued at their domicile. It is also true that one bound in solido may be sued at his own domicile, though different from the domicile of his principal.
With reference to the first proposition, there is another exception under which one may be sued at another place than his domicile. If, as in the present case, a creditor entered into an agreement to grant time to his debtor, on condition that he will furnish bond, and he furnishes bond in favor of the court for the benefit of all the creditors, he is bound to seek relief on the bond furnished in the court of original jurisdiction.
These are proceedings in insolvency conducted for the benefit of creditors.
This case “is exceptional, and made so by the action of the interested parties, who chose to virtually jointly consent to the bond furnished. By this consent, the solidary feature of the bond ceases to have the effect *649 it might have had in other proceedings. This bond was not given in accordance with any special provision of law. It has been accepted, and is binding on all parties.
Although innominate, it is effective for the benefit of all the creditors here.
It is not out of place to state here that appellee joined in the appeal and asked for an amendment. As it has no merit, the amendment is not allowed.
For these reasons, the judgment of the district court is affirmed.